# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

BILLY G. ASEMANI, 339096,

    Plaintiff,

v.

ISLAMIC REPUBLIC OF IRAN,

    Defendant.

Case No. 18-cv-00368-CRB (PR)

**ORDER OF TRANSFER**

(ECF No. 3, 5, 11 & 13)

## INTRODUCTION

Plaintiff, a prisoner at the Eastern Correctional Institution in Westover, Maryland, filed the instant pro se action seeking to enforce a state court judgment against the Islamic Republic of Iran (Iran) under the Foreign Sovereign Immunities Act (FSIA). Plaintiff alleges that on July 22, 2016, an Allegany County court in Maryland entered a $4,000,000 judgment in his favor and against Iran for damages he suffered as a result of the "extrajudicial torture" Iran inflicted on him. ECF No. 1 at 7, 41. Plaintiff seeks to enforce that judgment in this court so he can pursue assets he claims Iran has in this court's "ter[ito]rial jurisdiction." Id. at 32.

Plaintiff also seeks leave to proceed in forma pauperis (ECF Nos. 3, 5 & 11) and issuance of summons pursuant to Rule 4 of the Federal Rules of Civil Procedure (ECF No. 13).

## DISCUSSION

The FSIA "provides the sole basis for obtaining jurisdiction over a foreign state in federal court." Argentine Republic v. Amerada Hess Shipping Corp., 488 U.S. 428, 439 (1989). It also provides the sole basis for jurisdiction in cases brought to enforce a state court judgment against a foreign state. See Jerez v. Republic of Cuba, 775 F.3d 419, 423-25 (D.C. Cir. 2014); see also Mobil Cerro Negro, Ltd. V. Bolivarian Republic of Venezuela, 863 F.3d 96, 116 (2d Cir. 2017) (FSIA provides sole basis for jurisdiction over actions in federal court to enter judgment against

foreign state on awards made under International Convention on the Settlement of Investment Disputes Between States and Nationals of Other States (ICSID Convention).

Under the FSIA, "a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States except as provided in sections 1605 to 1607 of this chapter." 28 U.S.C. § 1604. If no exception applies, then the court lacks subject matter jurisdiction. Jerez, 775 F.3d at 423-24.

Here, plaintiff appears to claim subject matter jurisdiction by pointing to the terrorist act exception, under which a foreign state shall not be immune from suit in any case "in which money damages are sought against a foreign state for personal injury or death that was caused by an act of torture, extrajudicial killing, aircraft sabotage, hostage taking, or the provision of material support or resources for such an act." 28 U.S.C. § 1605A(a)(1). Jurisdiction under the terrorist act exception is subject to two important conditions: first, the foreign state defendant must have been designated a state sponsor of terrorism at the time the act occurred, or as a result of that act; and second, the claimant must have been a national of the United States when the act upon which the claim is based occurred. See id. § 1605A(a)(2). Plaintiff appears to satisfy § 1605A(a)(1) because the state court judgment he seeks to enforce stems from his suit for money damages against Iran for "torture." And at this stage in the proceedings, the court will assume without deciding that he also appears to satisfy the two important conditions set forth in § 1605A(a)(2).

But an action to enforce a state court judgment against a foreign state also must comply with the FSIA's venue provisions. Cf. Mobil Cerro Negro, Ltd., 863 F.3d at 118 (action to enforce ICSID award against foreign state must comply with FSIA's venue provisions). Under the FSIA, venue is established in one of four ways, as set forth in 28 U.S.C. § 1391(f). Section 1391(f) provides:

> A civil action against a foreign state as defined in section 1603(a) of this title may be brought –
>
> (1) in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;
>
> (2) in any judicial district in which the vessel or cargo of a foreign state is situated;

> (3) in any judicial district in which the agency or instrumentality is licensed to do business or is doing business, if the action is brought against an agency or instrumentality of a foreign state; or
>
> (4) in the United States District Court for the District of Columbia if the action is brought against a foreign state or political subdivision thereof.

28 U.S.C. § 1391(f). Subsections (2) and (3) are clearly inapplicable in the present case. And although perhaps not as clearly, so is subsection (1).

The first prong of subsection (1) provides for venue in any judicial district "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(f)(1). But none of the events or omissions "giving rise" to plaintiff's state court judgment against Iran for extrajudicial torture occurred in the United States, much less in this district. That the Iranian assets plaintiff seeks to satisfy the state court judgment against Iran are in this district is of no consequence to establishing venue under § 1391(f)(1). Accord Commissions Import Export S.A. v. Republic of the Congo, No. 11-cv-6176-JFK, 2012 WL 1468486, at *2 (S.D.N.Y. Apr. 27, 2012) (that Congolese property sought to satisfy English judgment was in SDNY insufficient to establish venue under § 1391(f)(1)).

The second prong of subsection (1) provides for venue in any judicial district "a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(f)(1). But this does not mean that venue lies in this district because the Iranian assets plaintiff seeks to satisfy the state court judgment against Iran are in this district. The statute is clear that the "property" establishing venue must be "the subject of the action." 28 U.S.C. § 1391(f)(1). The second prong of subsection (1) therefore "governs venue in in rem actions concerning a specific and identifiable piece of property," Commissions Import Export S.A., 2012 WL 1468486, at *2, and not in actions seeking to enforce a state court judgment. See also Detroit Int'l Bridge Co. v. Gov't of Canada, 787 F. Supp. 2d 47, 50 (D.D.C. 2011) (in suit involving a bridge spanning from Michigan to Canada, court noted that claims against Canada alleging violations of treaty, statute and contract do not seek to adjudicate title, obtain possession of a particular piece of property, or vindicate interests in real property in a manner that would make the Eastern District of Michigan a proper venue for suit against Canada under the property prong of 28 U.S.C. § 1391(f)(1)).

Because subsections (1), (2) and (3) are inapplicable here, the United States District Court for the District of Columbia is the sole proper venue for this case under subsection (4).

Under 28 U.S.C. § 1406(a), if a case is filed in an improper district, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The court finds that the interest of justice will be best served by transferring this case to the United States District Court for the District of Columbia. Accord Commissions Import Export S.A., 2012 WL 1468486, at *5 (transferring case to district court for the District of Columbia).

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that, in the interest of justice and pursuant to 28 U.S.C. § 1406(a), this action for enforcement of a state court judgment against a foreign state be TRANSFERRED to the United States District Court for the District of Columbia.

The clerk shall transfer this matter forthwith and terminate all pending motions (ECF Nos. 3, 5, 11 & 13) as no longer pending in this court.

**IT IS SO ORDERED.**

Dated: June 18, 2018

_____
CHARLES R. BREYER
United States District Judge